NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
PETER WALKINGSHAW
Assistant United States Attorney
400 South Virginia, Suite 900
Reno, Nevada 89501
Phone: (775) 784-5438
Email: Peter.Walkingshaw@usdoj.gov
GARY N. DONNER
Trial Attorney
U.S. Department of Justice
601 D Street, N.W., Rm. 2144
Washington, D.C. 20004
(202) 305-0338
Gary.Donner@usdoj.gov
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | No. 3:19-CR-00052-RCJ-WGC |
|---|---|
| Plaintiff, | |
| v. | **Plea Agreement for Defendant Robert Barkman** |
| ROBERT BARKMAN, | |
| Defendant. | |

This plea agreement between Robert Barkman ("defendant"), the United States Attorney's Office for the District of Nevada, and the Environmental Crimes Section of the U.S. Department of Justice (collectively the "United States") sets forth the parties' agreement regarding the criminal charges referenced herein and the applicable sentences, fines, and forfeiture in the above-captioned case. This agreement binds only defendant and the United States and does not bind the district court, the U.S. Probation Office, or any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This

agreement does not prohibit the United States or any agency or third party from seeking any other civil or administrative remedies, including civil forfeiture, directly or indirectly against defendant or defendant's property.

This agreement becomes effective upon signature by defendant, defendant's counsel, and the attorneys for the United States.

## I. DEFENDANT'S OBLIGATIONS

1. Defendant agrees to:

   a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the United States and provided by the Court, appear and plead guilty to a one-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Sale and Interstate Shipment of Endangered Species (misdemeanor) and Aiding and Abetting the same, in violation of 16 U.S.C. §§ 1538(a)(1)(F) and 1540(b)(1), and 18 U.S.C. § 2.

   b. Stipulate to the facts agreed to in this agreement;

   c. Abide by all agreements regarding sentencing contained in this agreement;

   d. Not seek to withdraw defendant's guilty plea[s] once [it is / they are] entered;

   e. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

   f. Not commit any federal, state, or local crime;

   g. Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

   h. To facilitate payment of any fine, forfeiture, or assessment, surrender assets defendant obtained directly or indirectly as a result of defendant's crimes. Defendant agrees to

2

voluntarily release funds and property under defendant's control or in which defendant has any property interest, before and after sentencing, to pay any fine identified in this agreement, agreed to by the parties, or ordered by the Court.

2. The defendant knowingly and voluntarily:

    a. Agrees to the district court imposing the civil judicial forfeiture or the criminal forfeiture of the following, which is being held at the United States Fish and Wildlife Service Office ("USFWS") Office of Law Enforcement in Shenandoah, Texas, under evidence seizure tag (EST)#057942:

1. I-1, one skull
2. I-2, one skull
3. I-3, tooth pendant kit with teeth
4. I-4, three skin scalps, one bag with nine teeth, one bag with ten teeth/tusks, eight teeth/tusks, one bag with eighteen teeth and one bag with thirteen teeth
5. J-1, one bag of sixty claws, one bag with nine claws, one bag with four teeth, and one bag with four teeth
6. J-2, one claw
7. F-1, one four teeth and five claws
8. F-2, one skull
9. F-3, one skull
10. F-4, one skull
11. F-5, one skull
12. F-6, one piece of bone
13. E-1, one bag with one spotted cat pelt
14. S-1, one shipping box with label (all of which constitutes property);

    b. Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property;

    c. Abandons or forfeits the property to the United States;

    d. Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property;

    e. Waives defendant's right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property (proceedings);

3

f.   Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

g.   Waives any further notice to defendant, defendant's agents, or defendant's attorney regarding the abandonment or the forfeiture and disposition of the property;

h.   Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property; agrees not to contest, or to assist any other person or entity in contesting, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, or other documents in any proceedings;

i.   Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court failing to announce the forfeiture at sentencing, and all constitutional requirements, including but not limited to, the constitutional due process requirements of any proceedings concerning the property;

j.   Waives defendant's right to a jury trial on the forfeiture of the property;

k.   Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including, but not limited to, (1) constitutional or statutory double jeopardy defenses and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

l.   Agrees to the entry of an Order of Forfeiture of the property to the United States;

m.   Waives the right to appeal any Order of Forfeiture;

n.   Agrees the property is forfeited to the United States;

   o. Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the abandonment or the forfeiture;

   p. Agrees and understands the United States may amend the forfeiture order at any time to add subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e);

   q. Acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution; and

   r. Agrees to take all steps as requested by the United States to pass clear title of the property to the United States and to testify truthfully in any judicial forfeiture proceedings. Defendant understands and agrees that the property represents proceeds and/or facilitating property of illegal conduct and is forfeitable. Defendant shall provide the United States with a full and complete financial disclosure statement under penalty of perjury within 10 days of executing the plea agreement. The financial statement shall disclose to the United States all of assets and financial interests valued at more than $1,000. Defendant understands these assets and financial interests include all assets and financial interests that defendant has an interest, direct or indirect, whether held in defendant's name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $1,000 which defendant has transferred to third parties or diverted from defendant directly to third parties, since March 24, 2016, including the location of the assets and the identity of any third party.

   s. Admits the property is (1) all fish or wildlife or plants taken, possessed, sold, purchased, offered for sale or purchase, transported, delivered, received, carried, shipped, exported, or imported contrary to the provisions of 16 U.S.C. § 1538(a)(1)(F), any regulation

made pursuant thereto, or any permit or certificate issued hereunder and (2) all guns, traps, nets, and other equipment, vessels, vehicles, aircraft, and other means of transportation used to aid the taking, possessing, selling, purchasing, offering for sale or purchase, transporting, delivering, receiving, carrying, shipping, exporting, or importing of any fish or wildlife or plants in violation of 16 U.S.C. § 1538(a)(1)(F), any regulation made pursuant thereto, or any permit or certificate issued thereunder, and is subject to forfeiture pursuant to 16 U.S.C. § 1340(e)(4)(A) with 28 U.S.C. § 2461(c).

## II. THE UNITED STATES' OBLIGATIONS

3.   The United States agrees to:

   a.   Stipulate to facts agreed to in this agreement;

   b.   Abide by all agreements regarding sentencing contained in this agreement;

   c.   At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1;

   d.   Not bring any additional charges against defendant arising out of the factual basis set forth in this agreement. However, the United States reserves the right to prosecute defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; (b) any criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371); and (c) any conduct, even if known to the United States, that is not relevant conduct, as defined by USSG § 1B1.3, for purposes of determining defendant's guideline range in this case. Defendant agrees that the district court at sentencing may consider any uncharged conduct in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## III. ELEMENTS OF THE OFFENSE[S]

4. <u>The Count</u>: The elements of Sale and Interstate Shipment of Endangered Species/Aiding and Abetting under 16 U.S.C. §§ 1538(a)(1)(F) and 1540(b)(1), and 18 U.S.C. § 2 are as follows:

<u>First</u>: The defendant sold or offered for sale in interstate or foreign commerce, endangered species of fish or wildlife; and

<u>Second</u>: The defendant did so knowingly.

## IV. CONSEQUENCES OF CONVICTION

5. <u>Maximum Statutory Penalties</u>:

a. Defendant understands that the statutory maximum sentence the district court can impose for a violation of 16 U.S.C. §§ 1538(a)(1)(F) as charged in the information, is: a 1-year term of imprisonment; a 1-year term of supervised release; a fine of $100,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $25.

b. The defendant also agrees to the forfeiture of the property and the imposition of the forfeiture of the property as set forth in this plea agreement and the forfeiture allegation of the Information.

6. <u>Parole Abolished</u>: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

7. <u>Supervised Release</u>: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised

release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence limits the district court's discretion in determining defendant's sentence.

9. <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant understands that, if defendant is not a United States citizen, the misdemeanor conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The district court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the misdemeanor conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## V. FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the United States could prove defendant's guilt beyond a reasonable doubt and establish its right to forfeit the specified property by preponderance of the evidence. Defendant further acknowledges that defendant's admissions and declarations of fact set forth below satisfy every element of the charged offense. Defendant waives any potential future claim that the facts defendant admitted below are insufficient to satisfy the elements of the charged offense. Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

At all times relevant, Robert Barkman was a resident of Reno, Nevada. On or about March 24, 2016, Barkman, sent an email regarding a lion skull to Arongkron Malasukum ("Malasukum") that stated "This just came in. It is big, beautiful and near perfect. Better than the first two I sent you…Please note that these are getting very difficult to get and are very rare these days because of the legal issues. I would appreciate confidentiality and please understand that the cost will be a bit more." In the email, Barkman offered to sell the lion skull for "$2000" and for that price he stated he would include "10 leopard claws as a gift." On March 25, 2016, after a few back and forth emails settling on the price, Barkman stated:

> I will accept $1400. Thank you. I will ship on Monday FedEx, and send you tracking number asap. I always try to give good customers like you my best price, but the lion industry is changing. Next year there will be no more. The same with elephants. In good faith, I will still send you 10 leopard claws free of charge, and will send you some teeth, free of charge, when I get some. You have always been a great customer and I want you to feel satisfied with our transactions. Best Regards, Robert

On March 28, 2016, Barkman sent the Malasukum an email containing "FedEx tracking number: 782692246298. Thanks again, you will like this skull, it's a beauty." According to the FedEx tracking website, this package was shipped from Reno, Nevada, on March 28, 2016, and delivered to Woodside, New York, on April 2, 2016. Malasukum has confirmed that he received that package on or about April 2, 2016, and that it contained a lion skull and leopard claws.

The United States is in possession of the above-described emails, as well as others in which Barkman offered for sale and, in fact, sold additional lion skulls. The United States has also spoken with the Malasukum who purchased the lion skull and leopard claws from Barkman. Between January 2016 and October 2016, Barkman received approximately $6,000 for the interstate sale of threatened or endangered wildlife in violation of United States law.

As part of the investigation, special agents from USFWS searched Barkman's residence on November 30, 2016. From Barkman's residence, agents seized the following, which is being held at the USFWS Office of Law Enforcement in Shenandoah, Texas, under evidence seizure tag (EST)#057942:

1. I-1, one skull
2. I-2, one skull

3. I-3, tooth pendant kit with teeth
4. I-4, three skin scalps, one bag with nine teeth, one bag with ten teeth/tusks, eight teeth/tusks, one bag with eighteen teeth and one bag with thirteen teeth
5. J-1, one bag of sixty claws, one bag with nine claws, one bag with four teeth, and one bag with four teeth
6. J-2, one claw
7. F-1, one four teeth and five claws
8. F-2, one skull
9. F-3, one skull
10. F-4, one skull
11. F-5, one skull
12. F-6, one piece of bone
13. E-1, one bag with one spotted cat pelt
14. S-1, one shipping box with label

At the time the search warrant was executed, Barkman voluntarily stated to agents that he was employed as an artist at a local taxidermy business located in Reno, Nevada. As an employee of this business, and without consent or knowledge of its owners or managers, he took "abandoned" African lion (*Panthera leo*) skulls and sold them on the internet. Barkman stated to USFWS special agents he was "not exactly sure" how many skulls he sold over the previous five years. As USFWS special agents read emails outlining previous identified sales, and subsequent shipments of endangered or threated wildlife (including FedEx tracking numbers indicating delivery of said shipments), Barkman admitted he did in fact make those sales. Barkman further stated to USFWS special agents that he was aware of federal laws making the previously identifed sales illegal.

## VI. SENTENCING FACTORS

11.  <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any

expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. <u>Offense Level Calculations</u>: The parties stipulate to the following calculation of defendant's offense level under the sentencing guidelines; acknowledge that these stipulations do not bind the district court; and agree that they will not seek to apply any other specific offense characteristics, enhancements, or reductions:

| | |
|---|---|
| Base Offense Level [USSG § 2Q2.1(a)]: | 6 |
| Offense committed for pecuniary gain or otherwise Involved a commercial purpose [USSG § 2Q2.1(b)(1)(A)]: | +2 |
| Market value of the wildlife did not exceed 6,500 [USSG § 2Q2.1(b)(3)(A)]: | 0 |
| Adjusted Offense Level: | 8 |

<u>Reduction for Acceptance of Responsibility</u>: Under USSG § 3E1.1(a), the United States will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw defendant's guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

11

13.     <u>Criminal History Category</u>. Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

14.     <u>Additional Sentencing Information</u>: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the United States are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the United States and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the United States' obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty plea.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty plea.

## VII. POSITIONS REGARDING SENTENCING

15. The United States will recommend that the district court sentence defendant within the advisory guideline range as determined by the parties. Defendant may argue for a downward variance pursuant to 18 U.S.C. § 3553.

16. Defendant acknowledges that the district court does not have to follow the recommendation of either party.

17. Notwithstanding its agreement to recommend a sentence as described above, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

18. If defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility, the United States is entitled to argue for a sentence up to the statutory maximum sentence, or alternatively to withdraw from the agreement, but defendant will remain bound by the provisions of this agreement and will not have the right to withdraw defendant's guilty plea.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty;

   b. The right to a speedy and public trial by jury;

   c. The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

  d. The right to be presumed innocent and to have the burden of proof placed on the United States to prove defendant guilty beyond a reasonable doubt;

  e. The right to confront and cross-examine witnesses against defendant;

  f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

  g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

  h. The right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

## IX. WAIVER OF APPELLATE RIGHTS

20. <u>Waiver of Appellate Rights</u>. Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the parties; and (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742.

21. <u>Waiver of Post-Conviction Rights</u>. Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

22. <u>Preservation of Evidence</u>: Defendant acknowledges that the United States and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

# X. RESULT OF WITHDRAWAL OF GUILTY PLEA OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

23. <u>Consequence of withdrawal of guilty plea</u>: Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this agreement was involuntary, then the United States will be relieved of all of its obligations under this agreement.

24. <u>Consequence of vacatur, reversal, or set-aside</u>: Defendant agrees that if defendant's conviction is vacated, reversed, or set aside, both the United States and defendant will be released from all their obligations under this agreement.

# XII. BREACH OF AGREEMENT

25. Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the United States may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the United States to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the United States in writing. If the United States declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty plea, and (b) the United States will be relieved of all its obligations under this agreement.

## XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES.

26. Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the United States' sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the United States are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

28. Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

29. The Defendant acknowledges that:

   a. Defendant read this agreement and defendant understands its terms and conditions.

   b. Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

   c. Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

      d.     Defendant understands the terms of this agreement and voluntarily agrees to those terms.

      e.     Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

      f.     The representations contained in this agreement are true and correct, including the factual basis for defendant's offense set forth in this agreement.

      g.     Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

30.     Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

31.     Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the United States, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

32.     Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

33. Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

### XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

NICHOLAS A. TRUTANICH
United States Attorney

_____    1/22/20
PETER WALKINGSHAW                 Date
Assistant United States Attorney


GARY N. DONNER
Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

_____    1/22/20
ROBERT BARKMAN                    Date
Defendant


_____    1/22/20
RENE L. VALLADARES               Date
Federal Public Defender

CHRISTOPHER P. FREY
Assistant Federal Public Defender
Attorney for Defendant ROBERT BARKMAN